Requestor: Kenneth C. Klein, Esq., Town Attorney. Town of Liberty P.O. Box 390 Liberty, N Y 12754
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether under provisions of State law governing preparation for and response to a disaster, a town is authorized to prepare a disaster preparedness plan.
The procedures to be followed in planning for and responding to a disaster are defined by State law. Executive Law Art 2-B.
Each county, except those within the City of New York, and each city is authorized to prepare a disaster preparedness plan. Id., § 23(1). The purpose of these plans is to minimize the effect of disasters by identifying appropriate local measures to prevent disasters, develop mechanisms to coordinate the use of local resources and manpower for service during and after disasters and provide for recovery and redevelopment after disasters. Id., § 23(2). The content of local disaster preparedness plans is further defined. Id., § 23.
The chief executive of a county, city, town or village is authorized to proclaim a local state of emergency within any part or all of the territorial limits of the local government "in the event of a disaster, rioting, catastrophe, or similar public emergency . . . or in the event of reasonable apprehension of immediate danger thereof, and upon a finding by the chief executive thereof that the public safety is imperiled thereby". Id., § 24(1). During a local state of emergency, the chief executive may promulgate emergency orders to protect life and property and to bring the emergency under control. Id., § 24(1). A local emergency order remains in effect for five days after promulgation unless sooner terminated by the chief executive. Id., § 24(2). The chief executive may extend an order declaring a local emergency for additional five-day periods during the pendency of the emergency. Ibid. The stated policy underlying the above provisions is to provide local chief executives with authority and responsibility in relation to the development and implementation of disaster preparedness programs. Id.,
§ 20(1)(b). Chief executives are given extraordinary powers during local emergencies. See, e.g., § 24(1).
Under this scheme, counties may prepare plans to coordinate use of local resources during and after a disaster. The chief executive of a county, city, town or village is authorized to proclaim a local state of emergency within any part or all of the territorial limits of the local government to deal with a disaster therein. The powers of local chief executives in proclaiming a local state of emergency are defined by State law. It seems clear that the chief executive of a town may develop a plan to guide him in the event that a local state of emergency is declared. The scope and content of such a plan would be limited by provisions of State law which authorize local chief executives to proclaim a state of emergency and define his or her powers. Id., § 24.
We conclude that a chief executive of a municipality may develop a plan dealing with the declaration of a local state of emergency.
The Attorney General renders formal opinions only to to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.